RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE  8/8/11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JACQUES PIERRE,
            Petitioner

VERSUS

DAVID COLES, et al.,
            Respondents

CIVIL ACTION
1:11-CV-00404


JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK


REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE


Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Jacques Pierre ("Pierre") on March 14, 2011.  Pierre, a native and citizen of Haiti, is contesting his continued detention by the Immigration and Customs Enforcement ("ICE"), Department of Homeland Security, while awaiting removal from the United States.  Pierre contends he has been detained by ICE since March 8, 2010 and that, due to the 2010 earthquake and subsequent suspension of removals to Haiti, there is no possibility that he will be removed in the reasonably foreseeable future.  For relief, Pierre asks to be released from detention pending his removal from the United States, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).

The Respondent filed a response to Pierre's petition (Doc. Item 19), showing that Pierre entered the United States on an unknown date and at an unknown place without inspection (Doc. 19),

Ex. 1, p. 32). In October 2002, Pierre was convicted of manufacturing and possession of schedule I, II, and III substances, in 2003 he was convicted of fraud, and in 2004 he was convicted of additional drug offenses and of assault and battery with intent to kill (Doc. 19, Ex. 1, pp. 3-4, 32). In November 2004, removal proceedings were initiated against Pierre, and Pierre requested withholding of removal to Haiti because he feared persecution and torture (Doc. 19, Ex. 1, pp. 10-11). Pierre was taken into ICE custody on February 25, 2010 (Doc. 19, Ex. 1, p. 22). Pierre was ordered removed in 2010, and he withdrew his request to withhold removal and waived appeal (Doc. 19, Ex. 1, Tr. pp. 12, 16-18, 31).

Pierre contends he has been detained by Immigration and Customs Enforcement ("ICE") since February 25, 2010 (See Doc. 19, Ex. 1, p. 22), that ICE has not been able to obtain travel documents for him, and he was released on supervision on June 6, 2010, but his supervised release was revoked on December 6, 2010 (Doc. 1). Pierre further contends he has exhausted his administrative remedies and argues he is entitled to be released pending removal, pursuant to <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491 (2001), because he has been detained more than six months and there is no significant likelihood of his removal to Haiti in the reasonably foreseeable future. The sole relief sought by Pierre is release from detention pending removal from this country. Pierre is presently being detained in the LaSalle

2

Detention Facility in Trout, Louisiana.

The Respondent shows that Pierre was taken into ICE custody on February 25, 2010 (Doc. 19, Ex. 1, p. 22), he was given supervised release on June 7, 2010 (Doc. 19, Ex. 1, pp. 38-44), and his supervised release was revoked and he was returned to ICE custody on December 6, 2010 (Doc. 19, Ex. 1, pp. 45-48). Pierre had custody status reviews in February 2011 and June 2011, and each time it was determined that Pierre should remain in ICE custody because he was both a flight risk and danger to the community (Doc. 19, Ex. 1, pp. 57-58, 64). It was noted in June that Pierre was pending approval from Haiti for a charter flight (Doc. 19, Ex. 1, p. 64).

The Respondent submitted an affidavit by Mark R. Lenox, Deputy Assistant Director of the U.S. Department of Homeland Security and who is directly responsible for the Removal management Division and the Travel Document Unit (Doc. 19, Ex. 2). Lenox shows in his affidavit that the government has lifted the temporary suspension of removal of Haitians, which was imposed after the January 12, 2010 earthquake in Haiti (Doc. 19, Ex. 2). The Respondent further shows, in Lenox's affidavit, that charter flights to Haiti have left on January 12, 2011, January 20, 2011, April 15, 2011, May 11, 2011, June 14, 2011, and July 12, 2011, and that future flights are scheduled to occur every few weeks. Lenox states in his affidavit that he is familiar with Pierre's case, he does not foresee any

3

difficulties regarding approval of Pierre's travel packet, and Pierre should be removed in the reasonably foreseeable future (Doc. 19, Ex. 2).

Robert Helwig, Assistant Director of ERO-Removal operations, recently testified in a consolidated hearing for six Haitians that there are no current obstacles to the removal of detainees to Haiti, and that a plan for the removal of the detained Haitian population has been developed and implemented which streamlines the removal process for Haitian detainees (Doc. 19, Ex. 3).

The purpose of post-removal detention is to have an alien available when it comes time to actually remove him to another country. Zadvydas v. Davis, 533 U.S. 678, 690, 121 S.Ct. 2491, 2499 (2001). The presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future." However, this 6-month presumption does not mean that every alien not removed must be released after six months. An alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505. Also, Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716 (2005).

The Respondent has shown that Pierre has remained in detention

4

with ICE since December 2010, pending lifting of the suspension of all removals to Haiti following the 2010 earthquake there, and removals began again in January 2011. Therefore, the Respondent has carried its burden of showing there is a significant likelihood that Pierre will be removed to Haiti in the reasonably foreseeable future. If Pierre is not removed soon or some new impediment to removal arises, he may file another habeas petition. At this time, Pierre's habeas petition should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Pierre's habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

5

the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Alexandria, Louisiana on the _____ day of August, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6